IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VINCENT KEITH JOHNSON, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | A-26-CV-00338-RP |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| RESPONDENT. | § | |

## ORDER

Before the Court are Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 15) and Respondent's Answer (Document 25). Petitioner did not file a reply thereto. Petitioner, proceeding *pro se*, paid the applicable filing fee. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is dismissed as time-barred.

## STATEMENT OF THE CASE

Petitioner is currently serving a 12-year sentence for tampering with physical evidence. Petitioner was released to parole on April 3, 2017. Petitioner's parole was revoked on August 23, 2022. As a result, he forfeited five years and 19 days of street time credit.

On July 21, 2023, Petitioner filed a time credit dispute resolution (TCDR). His TCDR was disposed on October 13, 2023. On January 18, 2025, Petitioner filed a state application for habeas corpus relief challenging the revocation of his parole and the denial of street time credit. The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court and on the court's independent review of the record on May 28, 2025. *Ex parte Johnson*, No. 32,941-08.

Petitioner executed his original federal petition for writ of habeas corpus on November 6, 2025 and his amended petition on February 3, 2026. He challenges the calculation of his sentence. Respondent contends Petitioner's petition is time-barred.

**DISCUSSION AND ANALYSIS**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent argues Petitioner could have discovered the factual predicate of his claims when his parole was revoked on August 23, 2022. Respondent contends, through the exercise of due diligence, Petitioner could have discovered how his time would be calculated at the time his parole was revoked. Therefore, at the time Petitioner filed his TCDR on July 12, 2023, only 42 days remained of the one-year limitations period. After his TCDR was disposed, Petitioner waited more than a year to file a state application for habeas corpus relief. After the Texas Court of Criminal Appeals denied his state application for habeas corpus relief, Petitioner waited approximately three more months to file his federal petition. By then, the limitations period had long expired.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on June 15, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE